1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARS ULF ASPENLIND,

11           Plaintiff,                    No. CIV S-07-0307 FCD DAD PS

12        v.

13   COUNTRY WIDE HOME LOANS,          <u>FINDINGS AND RECOMMENDATIONS</u>

14           Defendant.

15   _____/

16           This matter came before the court on July 27, 2007, for hearing of defendant's

17   motion to dismiss the second amended complaint or, in the alternative, for more definite

18   statement, as well as plaintiff's counter-motions to strike defendant's motion and for final

19   judgment.  Plaintiff Lars Ulf Aspenlind, proceeding pro se, appeared on his own behalf.  Todd

20   Boock, Esq., appeared telephonically for defendant.

21           For the reasons explained below, the undersigned recommends that plaintiff's

22   motions be denied, defendant's motion to dismiss be granted, and this action be dismissed.

23                              BACKGROUND

24           Plaintiff commenced this action on February 15, 2007, by filing a complaint

25   alleging fraud by defendant Country Wide Home Loans.  Plaintiff paid the required filing fee,

26   and the Clerk issued a summons.  Pursuant to Local Rule 72-302(c)(21), the matter was referred

1    to the undersigned magistrate judge for all purposes encompassed by that provision.  A status

2    (pretrial scheduling) conference was set for June 15, 2007.

3            An amended complaint filed by plaintiff on March 2, 2007, superseded the

4    original complaint.  See Fed. R. Civ. P. 15(a).  On April 2, 2007, defendant Countrywide Home

5    Loans, Inc. moved to dismiss the amended complaint.  At the hearing held on May 4, 2007, the

6    court granted plaintiff leave to file a second amended complaint, denied defendant's motion to

7    dismiss as moot, and vacated the status conference set for June 15, 2007.

8            Plaintiff's second amended complaint was filed on May 30, 2007.  Defendant's

9    motion to dismiss the second amended complaint was filed on June 6, 2007.  Plaintiff served his

10   counter-motions by placing them in the mail to defendant's counsel on July 11, 2007, less than

11   17 days prior to the due date for opposition and counter-motions.  Plaintiff's counter-motions

12   were filed on July 16, 2007, less than 14 days prior to the July 27, 2007 hearing date.  See Local

13   Rule 78-230(c).  In light of plaintiff's pro se status, the undersigned has considered plaintiff's

14   untimely response to defendant's motion.

15                       PLAINTIFF'S SECOND AMENDED COMPLAINT

16           According to plaintiff's somewhat difficult to decipher second amended pleading,

17   the complaint is one "for Fraud Pursuant to F.R.C. P. 9(b) and 12(B), Title 42 U.S.C. and Refusal

18   for Fraud of all Presentments."  (Second Am. Compl. at 1.)  Plaintiff further asserts that the court

19   "also has jurisdiction in all banking matters."  (Id. at 2.)

20           Plaintiff introduces his pleading by stating that his property was sold by defendant

21   in a foreclosure action "without surrendering the note to [plaintiff] for a full and complete

22   inspection under oath as required by established court cases which of course would have revealed

23   that the note had been altered."  (Id.)  Utilizing perplexing terminology, plaintiff continues as

24   follows:

25           The foreclosure occurred based on an alleged promissory note that
             was altered by the predecessor Option One after [plaintiff] signed
26           it.  The unaltered note paid for the exchange of money (or

                                                  2

technically the credit) as per established court cases and especially
in the Jeremy court.  Option One then opened up an account (like a
checking account) in [plaintiff's] name and deposited the note and
collected from the Federal Reserve Bank approximately 9 times the
amount of the note.  This alteration . . . was made in order for
Option one to create credit out of thin air and is against USC 12,
Title 12, Section 24, Paragraph 7 which prohibits banks from
creating money which exclusively belongs to the federal
government.  This altered note was consequently assigned, sold or
transferred to CW, which again paid for the exchange again as per
established court cases, on or about January 10, 2006 . . . which
then CW wrongly proceeded to collect on and did sell on 2-16-07
an alleged asset that was paid for by the original note and/or
exchange and as per leading court case on the issue – there was no
claim for the bank whatsoever and it did not belong to them.  The
transfer to CW did not create a new loan that never existed in the
first place.

(Id. at 2-3.)  The pleading continues in this confusing vein for nine pages, after which plaintiff

asserts that his cause of action is for fraud and that defendant "falsely represented and

misrepresented that it had a right to foreclose."  (Id. at 12.)  Plaintiff's contention appears to be

based solely on his belief that all promissory notes "are adulterated in the back," that all banks

and lenders make false or misleading representations, and that therefore he was not obligated to

repay his mortgage loan but was entitled to continue living on the property.  (Id. at 13-14.)

In his prayer for relief, plaintiff seeks a declaratory judgment that the actions of

defendant were unreasonable, fraudulent, and in conflict with fundamental constitutional rights.

(Id. at 14.)  He seeks "actual damages" in the amount of $100,000.00, "compensatory damages (4

times) and Punitive Damages (200 times) of all money plus the payments collected by CW via

monthly payments," "exemplary damages" in the amount of $100,000.00, and additional

compensatory and punitive damages "4 times for compensatory and 200 times for punitive

damages" for the sale of the property.  (Id.)  Plaintiff seeks "retrieval of the title of the house," an

order "voiding the sale" of the property, and "surrender of the adulterated promissory note."  (Id.

at 14-15.)  Although plaintiff also requests that "Defendant be awarded costs of suit incurred in

this action, including reasonable attorneys fees," it appears likely that plaintiff seeks such an

award for himself.  (Id. at 15.)

1    The prayer for relief is followed by a nine-page section titled "Facts and Findings

2    of Law." (Id. at 15-23.)  This section appears to be in the nature of a memorandum of points and

3    authorities.  Plaintiff's points and authorities are followed by his affidavit containing denials and

4    conclusory assertions of assault, extortion, and theft by defendant.  (Id. at 23-24.)  The complaint

5    concludes with four exhibits.  (Id. at 25-36.)

6                    DEFENDANT'S MOTION TO DISMISS

7            Defendant seeks dismissal of plaintiff's claim for fraud due to plaintiff's failure to

8    allege the nature of the purported misrepresentation by defendant, the person or persons who

9    made the alleged misrepresentation, when and where the alleged misrepresentation was made,

10   whether the statements were oral or written, plaintiff's reasonable reliance on those statements,

11   and resulting damage.  Defendant seeks dismissal of plaintiff's challenge to the foreclosure and

12   sale of the property because plaintiff has not alleged that he repaid the loan or tendered the

13   undisputed amount owing on the loan.

14           Defendant cites Federal Rule of Civil Procedure 9, which imposes particularity

15   requirements on fraud claims.  A pleading that asserts a fraud claim must contain allegations

16   regarding the misrepresentation, the speaker, when and where the statement was made, whether

17   the statement was oral or written and, if written, what specific document contains the

18   representation, and the manner in which the representation is false or misleading.  See Moore v.

19   Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989) ("Rule 9(b) requires that the

20   pleader state the time, place, and specific content of the false representations as well as the

21   identities of the parties to the misrepresentation.").  The pleading must also specify the benefits

22   received by the defendant as a result of the alleged misrepresentation.  Glen Holly Entm't, Inc. v.

23   Tektronix, Inc., 100 F. Supp. 2d 1086, 1095 (C.D. Cal. 1999) (citing Neubronner v. Milken, 6

24   F.3d 666, 671 (9th Cir. 1993)).  Each defendant is entitled to be informed of the specific acts or

25   omissions against which it must defend.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106

26   (9th Cir. 2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances

4

1     constituting the alleged fraud 'be specific enough to give defendants notice of the particular

2     misconduct . . . so that they can defend against the charge and not just deny that they have done

3     anything wrong.'").  Defendant argues that plaintiff's second amended complaint is devoid of the

4     required allegations and therefore fails to state a claim upon which relief may be granted.

5            Plaintiff responded to defendant's motion by filing two counter-motions.  By his

6     first motion, plaintiff requests that the court strike defendant's motion to dismiss.  Plaintiff cites

7     no legal authority that requires or permits the court to strike defendant's motion.  Federal Rule of

8     Civil Procedure 12(b) expressly permits a defendant, at its option, to raise certain defenses by

9     motion.  Fed. R. Civ. P. 12(b).  One of the listed defenses is the defense of failure to state a claim

10     upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion making such a defense

11     "shall be made before pleading."  Fed. R. Civ. P. 12(b).  A defendant who exercises the option of

12     filing a motion to dismiss for failure to state a claim is not required to file an answer unless and

13     until the motion to dismiss is denied.  <u>See</u> Fed. R. Civ. P. 12(a)(4)(A) (providing that, if the court

14     denies a defendant's Rule 12(b) motion, the defendant's answer shall be served within 10 days

15     after notice of the court's action, unless the court fixes a different time).  For these reasons,

16     plaintiff's motion to strike should be denied.

17            By his second motion, plaintiff seeks "final judgment on the pleadings, for

18     summary judgment."  (Pl.'s Mot. to Strike & Mot. for Final J. on Pleadings at 1.)  A motion for

19     judgment on the pleadings may be brought only "[a]fter the pleadings are closed."  Fed. R. Civ.

20     P. 12(c).  "Pleadings" include the defendant's answer.  Fed. R. Civ. P. 7(a).  Here, the pleadings

21     are not closed because defendant has not filed an answer.  To the extent that plaintiff seeks

22     judgment on the pleadings, his motion must be denied.  In contrast, a summary judgment motion

23     may be brought by the plaintiff "at any time after the expiration of 20 days from the

24     commencement of the action."  Fed. R. Civ. P. 56(a).  However, summary judgment may not be

25     rendered unless "the pleadings, depositions, answers to interrogatories, and admissions on file,

26     together with the affidavits, if any, show that there is no genuine issue as to any material fact."

Fed. R. Civ. P. 56(c). In this court, a motion for summary judgment "shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact." Local Rule 56-260(a). The moving party is responsible "for the filing with the Clerk of all evidentiary documents cited in the moving papers." Id. In the instant case, plaintiff's motion for summary judgment does not include the required statement of undisputed facts with citations to evidence supporting those facts, and the motion fails to show that there is no genuine issue as to any material fact. Plaintiff's motion for summary judgment should be denied.

In the interests of justice, the court construes plaintiff's motions as his opposition to defendant's motion to dismiss and considers all arguments advanced by plaintiff in his motions and in his opposition to defendants' reply.

ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.

738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  See also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

Having considered all written materials submitted in connection with defendant's motion to dismiss and plaintiff's counter-motions, as well as the parties' statements during oral argument, the undersigned finds that plaintiff's second amended complaint fails to state any claim upon which relief may be granted.

It is worth noting initially that plaintiff's second amended complaint is lengthy and confusing.  The pleading does not contain "a short and plain statement" of a claim showing that he is entitled to relief, see Fed. R. Civ. P. 8(a)(2), which in itself warrants dismissal, see Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Nonetheless, even assuming plaintiff's second amended complaint constitutes a short and plain statement, the pleading must be dismissed for failure to state a claim for fraud or any other claim.  Federal Rule of Civil Procedure 9, titled "Pleading Special Matters," provides as follows with regard to "Fraud, Mistake, Condition of the Mind":

/////

/////

/////

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).

"Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

Defendant persuasively argues that plaintiff has not alleged, and cannot allege, the required elements of a fraud claim against Countrywide. The second amended complaint, while alleging a litany of perceived violations by defendant and the original lender from whom defendant acquired plaintiff's mortgage loan, does not attribute specific fraudulent conduct to the defendant or any employee of defendant. Plaintiff offers only conclusory allegations in this regard. Because plaintiff has failed to allege a single requisite element of a civil fraud violation on the part of defendant, there is no basis for plaintiff's fraud claim. Equally persuasive are defendant's arguments concerning plaintiff's lack of standing to challenge the foreclosure and sale. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996); U.S. Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1225 (1985); Arnold Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 579 (1984).

/////

8

1    Given the fatal deficiencies of plaintiff's second amended complaint, coupled

2  with plaintiff's frivolous arguments concerning defendant's alleged failure to plead or defend and

3  alleged failure to support the Rule 12(b)(6) motion with affidavits, depositions, and documents

4  under seal, and in light of the fact that plaintiff has twice amended his pleading without curing

5  any defect, it appears clear that plaintiff cannot cure the defects of this action.  Granting leave to

6  amend would therefore be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir.

7  1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  For these

8  reasons, plaintiff's second amended complaint should be dismissed without leave to amend.

9    Accordingly, IT IS HEREBY RECOMMENDED that:

10    1.  Plaintiff's July 16, 2007 motion to strike and for final judgment be denied;

11    2.  Defendant's June 6, 2007 motion to dismiss be granted; and

12    3.  This action be dismissed with prejudice for failure to state any claim upon

13  which relief may be granted.

14    These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **ten** days

16  after being served with these findings and recommendations, either party may file written

17  objections with the court.  A document containing objections should be titled "Objections to

18  Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served

19  and filed within **ten** days after service of the objections.  The parties are advised that failure to

20  file objections within the specified time may waive the right to appeal the District Court's order.

21  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: July 31, 2007.

23

24  _____
DALE A. DROZD
25  UNITED STATES MAGISTRATE JUDGE

DAD:kw
26  Ddad1\orders.prose\aspenlind0307.mtd.f&r

9